**Richard MAYO, on behalf of himself and the People of California, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., Morgan Stanley Dean Witter & Co. dba Morgan Stanley Dean Witter, and Does 1–50, Defendants.**

No. C–01–20336 JF.

United States District Court, N.D. California, San Jose Division.

April 29, 2003.

William E. Kennedy, Law Offices of William E. Kennedy, Santa Clara, CA, for Plaintiff.

Gilbert R. Serota, Marla R. Weston, Sarah A. Good, Howard Rice Nemerovski Canady Falk, San Francisco, CA, for Defendants.

Amy J. Winn, Attorney General's Office, Sacramento, CA, Eric Summergrad, Jacob H. Stillman, John W. Avery, Meyer Eisenberg, Securities and Exchange Commission, Washington, DC, Mary Maloney Roberts, Judicial Council of California Administrative Office of the Courts, San Francisco, CA, for Amicus.

M. Benjamin Valerio, Los Angeles, CA, Ethan D. Dettmer, Gibson, Dunn & Crutcher LLP, San Francisco, CA, for Intervenor.

**ORDER CORRECTING AND AMENDING ORDER ISSUED APRIL 22, 2003**

FOGEL, District Judge.

The Judicial Council of California ("Judicial Council") requests that the Court correct certain statements in its April 22, 2003 Order Denying Plaintiff's Motion to Vacate Order Compelling Arbitration and Staying Proceedings concerning the Judicial Council's status in this litigation.

On November 26, 2002, the Court invited the Judicial Council to submit an amicus brief in this action. In response, the Judicial Council provided the Court with copies of briefs it had filed in *NASD Dispute Resolution, Inc., et al. v. Judicial Council of California, et al.*, Case No. 02–3486–SMC (N.D. Cal. filed July 22, 2002). The Judicial Council has clarified that its submission was not intended to be treated as an amicus brief. Accordingly, the Court amends its April 22, 2003 Order as set forth below.

1) Footnote 8 on page 8, lines 26–28, is corrected to read: "The Court also received an amicus brief from the California Attorney General that is neutral with respect to Plaintiff's individual argument but which urges the Court not to find preemption."

2) The sentence on page 18, lines 1–3, is corrected to read: "Plaintiff contends that application of the California standards is not preempted by the Exchange Act because the California standards and the SRO arbitration rules share similar goals with respect to disclosure and disqualification."

3) The sentence on page 18, lines 7–9, is corrected to read: "Plaintiff further contends that any additional obligations imposed upon SROs by the California

---

**12.** The reasons for this denial will be stated in a separate order.

standards are not inconsistent with the obligations of the SROs under their SEC-approved rules."

IT IS SO ORDERED.